# EXHIBIT 1

*Martha Koehler - GERB*

 **CT Corporation**

**Service of Process Transmittal**
05/09/2012
CT Log Number 520482677

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||

*MAY 14 2012*

TO:     Karen Selavka
        General Electric Company
        3135 Easton Tnpk, Corp Legal Dept
        PO # 111-003702
        Fairfield, CT 06431

RE:     **Process Served in Illinois**

FOR:    General Electric Company (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lee Momient, Pltf. vs. NCO Financial Systems Inc., et al. including General Electric Company, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Verified Complaint, Verification |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL Case # 2012L062024 |
| **NATURE OF ACTION:** | Violations of the Fair Credit Reporting Act - Fair Credit Billing Act - Harassing attempts to collect nonexistent debt |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/09/2012 at 11:00 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Lee Momient PO Box 608082 Chicago, IL 60660 773-712-3989 |
| **REMARKS:** | Please note the process server underlined, initialed and/or highlighted the entity name being served prior to receipt by CT |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 793550874720 Image SOP Email Notification, Karen Selavka karen.selavka@ge.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Thad DiBartelo |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / JA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

```
* 0 0 6 7 8 2 3 6 *
```

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _Law_ 2024
CALENDAR/ROOM G
TIME 00:00
Tort - Intentional

No. _____

Lee Momient *12 MAN JURY*

(Name all parties)

v.

G.E. dba GE capital Retail bank etc      c/o GT Corp System
208 S. lasalle st 814
chicago il 60604

◯ SUMMONS ◯ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◯ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

◯ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

**You must file within 30 days after service of this Summons, not counting the day of service.**
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 99500

Name: Lee Momient

Atty. for: Plantiff

Address: PO Box 608082

City/State/Zip: chicago il 60660

Telephone: 2733123787

WITNESS, _Dorothy Brown_ MAY 0 7 2012

Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

CIRCUIT COURT OF COOK COUNTY

SECOND DISTRICT LAW DIVISION

JURY

|  |  |  |
|---|---|---|
| LEE MOMIENT | ) | |
|     Plaintiff | ) | |
| -v- | ) | CASE |
| NCO FINANCIAL SYSTEMS INC. | ) | |
|     And | ) | |
| WAL-MART STORES, INC | ) | |
|     And | ) | |
| GENERAL ELECTRIC COMPANY | ) | |
| dba GE CAPITAL RETAIL BANK | ) | |
|     And | ) | |
| CAC FINACNIAL CORP | ) | |
|     Defendant(s) | ) | |

## VERIFIED COMPLAINT

Plaintiff, Lee Momient, individually, hereby sues Defendants, NCO FINANCIAL SYSTEMS INC.("NCO") and CAC FINANCIAL CORP, ("CAC") for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii) and GENERAL ELECTRIC COMPANY dba GE CAPITAL RETAIL BANK, ("GE") and Defendant WAL-MART, Inc. (WAL-MART) for violations of the FCRA and FCBA.

## PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1). 47

USC § 227(a) (iii); For violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. § 1692 et seq; For violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.; For Violations of Chapter 4 of the Truth in Lending Act, the Fair Credit Billing Act (FCBA); 15 U.S.C. §1666, et seq; and for Various tortious acts.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3. Plaintiff contends that the Collection Company Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

4. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

5. This is an action for damages which exceed $100,000.

## PARTIES

6. Plaintiff, Lee Momient, is a natural person and is a resident of the State Illinois.

7. Upon information and belief Defendant, NCO is a foreign corporation, Not in Good Standing; and authorized to do business in ILLINOIS.

8. Upon information and Belief Defendant, NCO, is registered with The Illinois Department of Financial Regulation as a Collection Agency with license number of 017001480.

9. Upon information and belief Defendant, WAL-MART is a foreign corporation; and authorized to do business in ILLINOIS.

10. Upon information and belief Defendant, GE is a foreign corporation; and authorized to do business in ILLINOIS.

11. Upon information and belief Defendant, CAC is a foreign corporation; and authorized to do business in ILLINOIS.

12. Upon information and Belief Defendant, CAC, is registered with The Illinois Department of Financial Regulation as a Collection Agency with license number of 017020325.

## FACTUAL ALLEGATIONS

13. On June 13, 2011 Plaintiff mailed a letter to GE & WAL-MART disputing the accuracy of the bill and the accuracy of their reporting to the Credit bureaus; at the address for such disputes P.O. BOX 965023 ORLANDO FL, 32896. .

14. On July 17 2011 Plaintiff sent a letter to GE & WAL-MART denying knowledge of certain charges on the account.

15. Defendant did not send and or plaintiff did not receive any written communication from GE & WAL-MART concerning the disputes; investigating the disputed portions; or resolving the

matter.

16. Defendant withheld payment of the portion of the bill that was disputed.

17. GE & WAL-MART started collection activity on the disputed portions of the bill by calling plaintiff several times per day from August 2011, through November 2011.

18. GE & WAL-MART also continued collection of disputed amounts by reporting to third parties; namely to three CREDIT REPORTING AGENCY'S (CRA) that the Account was paid late, by 30, 60, 90, 120 days and then ultimately that the account was charged off.

19. At no point did GE & WAL-MART report to the bureaus that the amount or accuracy was disputed.

20. GE & WAL-MART closed the account prior to resolving the dispute.

21. On October 4, 2011 Plaintiff sent a letter to Equifax and Experian disputing the accuracy of the GE & WAL-MART reporting and requesting verification.

22. On October 7, 2011 Plaintiff sent a letter to Trans Union disputing the accuracy of the GE & WAL-MART reporting and requesting verification

23. GE & WAL-MART verified the debt as accurate with all the CRA's.

24. Upon information and belief in November of 2011 GE & WAL-MART and NCO entered into an agreement whereby NCO would collect the alleged debt.

25. On November 30, 2011 and on December 4, 2011 the Defendant NCO called the Plaintiff's cell phone. On each of these calls the plaintiff informed the Defendant that the alleged debt was disputed and that validation and verification was demanded; that the calls were being made to a cell phone; and demanded that NCO cease and desist from calling. NCO informed plaintiff that the calls would stop and the number would be taken out of their system.

26. NCO has failed to provide any documentation to the Plaintiff verifying or validating the alleged Debt.

27. On February 6, 2012 Plaintiff again disputed the Accuracy of the GE & WAL-MART report entry with the CRA's. GE & WAL-MART verified the entry as accurate.

28. NCO continued to call the Plaintiff and on February 6, 2012 the plaintiff mailed a letter to NCO by certified mail with return receipt requested; disputing the debt; demanding verification and validation of the debt; and demanding that NCO Cease and Desist from Calling the Plaintiff's cell phone.

29. NCO received the letter and signed for receipt of same on February, 13, 2012.

30. Upon information and Belief from October 2011 through May 2012 GE & WAL-MART Violated the FCRA by reporting information that was inaccurate to at least 3 CRA's; Equifax, Trans Union and Experian and other third parties including NCO and CAC.

31. GE & WAL-MART continued to violate the FCBA by, amongst many other acts; reporting to third parties that a debt is late or delinquent when it was disputed; by collecting on an amount in dispute; by closing the account prior to resolution of the dispute.

32. GE & WAL-MART breached the contract or agreement of the plaintiff and GE & WAL-MART. (See Exhibit "A")

33. Upon information and Belief at the time GE & WAL-MART and NCO entered into their collection agreement, GE & WAL-MART knew of the Dispute, and failed to notify the third party collector that the Debt was disputed.

34. From November 30, 2011 thru March 26, 2012, NCO violated the TCPA by leaving 22 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cell phone.

35. From November 30, 2011 thru March 26, 2012, NCO violated the TCPA by calling Plaintiff's cell phone 80 times with no prior permission given by Plaintiff.

36. From November 30, 2011 thru March 26, 2012, NCO violated the TCPA by leaving 22 recorded messages on Plaintiffs cell phone without express permission.

37. On several occasions NCO has called Plaintiff's Cellular phone 5 times per day.

38. On each and every call there was either a pre-recorded message or a 3-22 second wait before the NCO representative would pick up the call and the pre-recorded hold message would repeatedly say.

"Please Wait."

39. Each and Every pre-recorded message stated,

"We are calling from NCO Financial Systems regarding a personal business matter that requires your immediate attention..... this is not a solicitation."

40. NCO pulled Plaintiff's consumer report from the CRA on 3 separate occasions in Violation of the FCRA.

41. NCO's willful and or negligent activity also violated the FDCPA.

42. Upon information and belief in MARCH of 2012 GE & WAL-MART and CAC entered into an agreement whereby CAC would collect the alleged debt.

43. On or about March 26, 2012 the Defendant CAC called the Plaintiff's cell phone. On each of these calls the plaintiff informed the Defendant that the alleged debt was disputed and that validation and verification was demanded; that the calls were being made to a cell phone; and demanded that CAC cease and desist from calling. CAC informed plaintiff that the calls would stop and the number would be taken out of their system.

44. CAC has failed to provide any documentation to the Plaintiff verifying or validating the alleged Debt.

45. CAC continued to call the Plaintiff and on not less than 14 separate occasion between on or about March, 26, 2012 and May 1, 2012 using an automatic dialer system.

46. On nearly each and every call from CAC the call took anywhere from 3-10 seconds before the CAC representative would pick up and begin the collection activity.

47. CAC's willful and or negligent activity also violated the TCPA and the FDCPA.

## COUNT I

## VIOLATIONS OF THE TELEPHONE

## COMMUNICATIONS ACT 47 U.S.C. §227

### Defendant NCO

48. Plaintiff restates and reiterates herein all previous paragraphs.

49. Defendant NCO has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

50. Defendant NCO has committed 80 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

51. Defendant NCO has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 78 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff verbally informed NCO and sent a letter informing NCO that the phone they were calling was a cellular phone and demanded that NCO cease and desist from calling the cellular phone number. Since then NCO refuses and continues to violate 47 U.S.C.

An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

52. Defendant NCO has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given NCO permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and NCO do not have an established business relationship within the meaning of 47 U.S.C. §227.

53. Defendant NCO has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff 78 times after receiving the Cease and Desist demand and with total disregard and in violation of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against NCO FINANCIAL SYSTEMS INC for actual or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT II

### VIOLATIONS OF THE TELEPHONE

### COMMUNICATIONS ACT47 U.S.C. §227

### Defendant CAC

54. Plaintiff restates and reiterates herein all previous paragraphs.

55. Defendant CAC has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

56. Defendant CAC has committed 14 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

57. Defendant CAC has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 78 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff verbally informed CAC that the phone they were calling was a cellular phone and demanded that CAC cease and desist from calling the cellular phone number. Since then CAC refuses and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

58. Defendant NCO has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff has never given CAC permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and CAC do not have an established business relationship within the meaning of 47 U.S.C. §227.

59. Defendant CAC has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff 13 times after receiving the Cease and Desist demand and with total disregard and in violation of 47 U.S.C. §227.

**WHEREFORE,** Plaintiff demands judgment for damages against CAC FINANCIAL SYSTEMS INC for actual or statutory damages, and punitive damages, attorney's fees and costs.

**COUNT III**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C.**
**§1692 BY DEFENDANTS NCO AND CAC**

60. Plaintiff restates and reiterates herein all previous paragraphs.

61. Plaintiff is a consumer under § 1692 a(3).

62. The alleged debt was an obligation under § 1692 a(5).

63. NCO AND CAC are Debt Collectors under § 1692 a(6).

64. NCO and CAC placed no less than 95 telephone calls to the Plaintiff's cellular telephone after being notified by phone that the calls were to a cell phone and were demanded to cease and desist. NCO place no less than 36 calls to the Plaintiff's cellular telephone after receipt of Plaintiff's letter to cease and desist. Defendant knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15 U.S.C. § 1692c(a)(1). Defendant demands of each defendant $1000.

65. NCO and CAC place no less than 50 calls to the Plaintiff's cellular telephone after receiving written notice from the Plaintiff to cease communications. Pursuant to 15 U.S.C. § 1692c(c), if such notice from the consumer is made by mail, notification shall be complete upon receipt. This clearly demonstrates willful violation of U.S.C. §1692c. Defendant demands of each defendant $1000.

66. NCO and CAC continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Defendant demands of each defendant $2000.

67. NCO and CAC violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment of each defendant in the amount of $1000.

68. NCO and CAC violated § 1692 d by conduct the natural consequence of which is to harass, oppress, or abuse any person. Plaintiff demands judgment of each defendant in the amount of $1000.

69. NCO and CAC violated § 1692 d(5) and Caused the phone to ring or engaged any person in telephone conversations repeatedly. Plaintiff demands judgment of each defendant in the amount of $1000.

70. NCO and CAC violated § 1692 f(1) by Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. Plaintiff demands judgment of each defendant in the amount of $1000.

71. NCO and CAC violated § 1692 e(11) by Communication that failed to contain the mini-Miranda warning: "This is an attempt to collect a debt... communication is from a debt collector." Plaintiff demands judgment of each defendant in the amount of $1000.

72. NCO and CAC violated § 1692 d(6) by placing telephone calls without disclosing his/her identity. Plaintiff demands judgment of each defendant in the amount of $1000.

**WHEREFORE,** Plaintiff demands judgment for damages against NCO FINANCIAL SYSTEMS INC and CAC FINANCIAL CORP for actual or statutory damages, and punitive damages, attorney's fees and costs.

## COUNT IV

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 NEGLIGENT NON-COMPLIANCE

### Defendant NCO

73. Plaintiff restates and reiterates herein all previous paragraphs.

74. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

75. NCO is a user and furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

76. On 03/02/2010 NCO negligently violated the FCRA on 3 separate occasions it pulled the personal credit report of defendant from Trans Union, Equifax and Experian. Defendant's violations include, but are not limited to, the following:

77. (a) NCO negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

78. Plaintiff became aware of the NCO credit pulls on 2/23/2011.

WHEREFORE, Plaintiff demands judgment for damages in the amount of $3,000 against NCO for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. § 1681o.

## COUNT V

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681

## WILLFUL NON-COMPLIANCE BY

## Defendants GE & WAL-MART

1. Plaintiff restates and reiterates herein all previous paragraphs.

2. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

3. Defendants GE & WAL-MART is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

4. Defendants GE & WAL-MART willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Defendants GE & WAL-MART willfully violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Defendants GE & WAL-MART willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(c) Defendants GE & WAL-MART willfully violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(d) Defendants GE & WAL-MART willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff demands judgment for damages against Defendants GE & WAL-MART for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT VI

### INVASION OF THE RIGHT OF PRIVACY

5. Plaintiff restates and reiterates herein all previous paragraphs.

6. The Defendants NCO and CAC undertook a series of communications to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of ILLINOIS. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiffs' right to privacy; after repeated requests that the Defendant no longer contact them. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying an alleged debt.

7. Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort

contrary to the law of the State of Illinois and violated the Plaintiffs' privacy. Plaintiff avers that the Defendant telephoned the Plaintiff on multiple occasions demanding payment.

8. The Plaintiff avers that the communications were made by automated dialers and employees and acting on behalf of NCO and CAC.

9. Plaintiff was harassed, hounded, and threatened. Plaintiff repeatedly and continuously begged and pleaded with Defendants to stop calling, that the calls were creating great emotional distress, physical sickness, and mental pain and anguish. Defendants refused to cease and desist the calling, hounding, threatening, and harassment. Defendants have continuously and repeatedly called Plaintiffs at home after being told not to call and that the calls were making them physically sick and creating great emotional distress and mental pain and anguish.

10. As a proximate consequence of said invasion of the right of privacy, Defendants have caused the Plaintiffs to suffer great worry, loss of sleep, anxiety, embarrassment, nervousness, physical sickness, and physical and mental injury, pain,

## COUNT VII

## NEGLIGENCE

### Defendant GE & WAL-MART

11. Plaintiff alleges and incorporates the information in paragraphs 1 through 13.

12. Defendant owed duties of reasonable care to plaintiff.

13. Defendant failed to exercise reasonable care and prudence in the accounting of the credit agreement it had with plaintiff, in impermissibly billed unnecessary charges to said credit agreement, in issuing bills and false reports about the charges, and in the reporting and attempted collection of the disputed amounts and account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this suit, and which consequently caused damage to plaintiff.

## COUNT VIII

## DEFAMATION

### Defendant GE & WAL-MART

14. Plaintiff restates and reiterates herein all previous paragraphs.

15. Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning plaintiff with reckless disregard for the truth of the matters asserted.

16. Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

17. Defendants were notified of inaccuracies and problems by plaintiffs however; the defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about plaintiffs.

18. Defendants acted with willful intent and malice to harm plaintiffs.

## COUNT IX

## MISREPRESENTATION

### Defendant GE & WAL-MART

19. Plaintiff restates and reiterates herein all previous paragraphs.

20. Defendant made numerous misrepresentations of facts to plaintiffs and caused plaintiffs to rely upon said representations.

21. Plaintiffs' reliance thereon was reasonable under all of the circumstances and plaintiffs sustained damages as a result of the misrepresentations.

## COUNT X

## BREACH OF CONTRACT

### Defendant GE & WAL-MART

22. Plaintiff restates and reiterates herein all previous paragraphs.

23. Defendant has breached its agreements and contracts with plaintiffs.

24. Defendant's breaches were in bad faith. Alternatively and in the unlikely event such breaches are found not to be in bad faith, plaintiffs affirmatively plead good faith breach of contract.

## COUNT XI

## FAIR CREDIT BILLING ACT

### Defendant GE & WAL-MART

25. Plaintiff restates and reiterates herein all previous paragraphs.

26. As alleged herein, defendants GE & WAL-MART was notified in writing by plaintiff of billing errors, as required by law, and defendant failed to timely or properly respond, on multiple occasions; and continued collection activity of disputed amounts; and reported to third party CRA's that the plaintiff was late in paying a disputed amount; and failed to conduct a reasonable investigation; and closed the plaintiffs account during the pendency of a dispute; and each such violation gives rise to a distinct action under the FCBA, 15 U.S.C. 1666, et. seq.

## COUNT XII

**FRAUD**

**Defendant GE & WAL-MART and NCO and CAC**

27. Plaintiff restates and reiterates herein all previous paragraphs.

28. Defendant, through its employees, was engaged in a systematic scheme to charge and attempt to collect from plaintiffs unnecessary and wholly inaccurate sums of money.

**COUNT XIII**

**DECEPTIVE TRADE PRACTICES**

**Defendant GE & WAL-MART, NCO and CAC**

29. Plaintiff restates and reiterates herein all previous paragraphs.

30. Plaintiff is a consumer. Defendants are a banking entity governed by state and federal laws; and or collection agency's covered by state and federal laws. In connection with a consumer transaction, defendant engaged in unfair and deceptive practices, prohibited by Illinois law, aimed at causing substantial harm to the plaintiffs.

31. Defendant succeeded in damaging the plaintiffs through these unfair and deceptive trade practices as described herein.

**ADDITIONAL ALLEGATIONS**

32. Plaintiff restates and reiterates herein all previous paragraphs.

33. Plaintiff restates and reiterates herein all previous paragraphs.

34. The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiffs.

35. Defendant's false credit reporting about plaintiff has been a substantial factor causing credit denials and other damages.

36. Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not

Lee Momient
P.O. Box 608082
Chicago, Il 6060
773-712-3989

This action is for damages greater than $100,000.

<u>VERIFICATION BY CERTIFICATION</u>

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109) the undersigned certifies that the statements set forth in this instrument are true and correct, except as to such matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid that s/he verily believes the same to be true.

LEE MOMIENT