## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Lee Momient, | ) | |
| | ) | |
| Plaintiff, | ) | Honorable John W. Darrah |
| | ) | |
| v. | ) | Case No. 1:12-cv-04453 |
| | ) | |
| NCO Financial Systems, Inc.; Wal Mart | ) | Magistrate Judge Susan E. Cox |
| Stores, Inc.; General Electric Company | ) | |
| d/b/a GE Capital Retail Bank; | ) | |
| and CAC Financial Corp. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT NCO FINANCIAL SYSTEMS INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant NCO FINANCIAL SYSTEMS, Inc. ("NCO") by and

through undersigned counsel, and for its answer to plaintiff's complaint, states as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages and injunctive relief brought by Plaintiff

against Defendants for USC § 227(a) (iii); For violations of the Fair Debt Collection

Practices Act (FDCPA)15 U.S.C. § 1692 et seq; For violations of the Fair Credit

Reporting Act (FORA), 15 U.S.C. § 1681 et seq.; For Violations of Chapter 4 of the

Truth in Lending Act, the Fair Credit Billing Act (FCBA); 15 U.S.C. §1666, et seq; and

for Various tortious acts.

**Answer:      NCO admits that Plaintiff purports to bring this action for**

**alleged violations of the referenced Acts but denies any and all liability, damages,**

1

**and wrongdoing under the law.**

2.      Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

**Answer:      NCO denies the allegations in ¶ 2.**

3.      Plaintiff contends that the Collection Company Defendant have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

**Answer:      NCO denies the allegations in ¶ 3.**

**JURISDICTION AND VENUE**

4.      Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

**Answer:      NCO admits the allegations in ¶ 4 for venue purposes only.**

5.      This is an action for damages which exceed $100,000.

**Answer:      NCO admits that plaintiff is seeking damages but denies that he is entitled any damages as alleged in ¶ 5.**

**PARTIES**

6.      Plaintiff, Lee Momient, is a natural person and is a resident of the State Illinois.

**Answer:      NCO denies the allegations in ¶ 6 for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

7.      Upon information and belief Defendant, NCO is a foreign corporation, Not

2

in Good Standing; and authorized to do business in ILLINOIS.

**Answer:** **NCO admits only that it is a Pennsylvania corporation and does business in Illinois. Except as specifically admitted, NCO denies the allegations in ¶ 7.**

8. Upon information and Belief Defendant, NCO, is registered with The Illinois Department of Financial Regulation as a Collection Agency with license number of 017001480.

**Answer:** **NCO admits that it is licensed as a collection agency in the State of Illinois.**

9. Upon information and belief Defendant, WAL-MART is a foreign corporation; and authorized to do business in ILLINOIS.

**Answer:** **Paragraph 9 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

10. Upon information and belief Defendant, GE is a foreign corporation; and authorized to do business in ILLINOIS.

**Answer:** **Paragraph 10 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

11. Upon information and belief Defendant, CAC is a foreign corporation; and

authorized to do business in ILLINOIS.

**Answer:** **Paragraph 11 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

12. Upon information and Belief Defendant, CAC, is registered with The Illinois Department of Financial Regulation as a Collection Agency with license number of 017020325.

**Answer:** **Paragraph 12 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

## FACTUAL ALLEGATIONS

13. On June 13, 2011 Plaintiff mailed a letter to GE & WAL-MART disputing the accuracy of the bill and the accuracy of their reporting to the Credit bureaus; at the address for such disputes P.O. BOX 965023 ORLANDO FL, 32896.

**Answer:** **Paragraph 13 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

14. On July 17 2011 Plaintiff sent a letter to GE & WAL-MART denying knowledge of certain charges on the account.

4

**Answer:** **Paragraph 14 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

15.    Defendant did not send and or plaintiff did not receive any written communication from GE & WAL-MART concerning the disputes; investigating the disputed portions; or resolving the matter.

**Answer:** **Paragraph 15 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

16.    Defendant withheld payment of the portion of the bill that was disputed.

**Answer:** **Paragraph 16 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

17.    GE & WAL-MART started collection activity on the disputed portions of the bill by calling plaintiff several times per day from August 2011, through November 2011.

**Answer:** **Paragraph 17 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the**

truth therein.

18.     GE & WAL-MART also continued collection of disputed amounts by reporting to third parties; namely to three CREDIT REPORTING AGENCY'S (CRA) that the Account was paid late, by 30, 60, 90, 120 days and then ultimately that the account was charged off.

**Answer:     Paragraph 18 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

19.     At no point did GE & WAL-MART report to the bureaus that the amount or accuracy was disputed.

**Answer:     Paragraph 19 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

20.     GE & WAL-MART closed the account prior to resolving the dispute.

**Answer:     Paragraph 20 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

21.     On October 4, 2011 Plaintiff sent a letter to Equifax and Experian disputing the accuracy of the GE & WAL-MART reporting and requesting verification.

**Answer:** **Paragraph 21 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

22. On October 7, 2011 Plaintiff sent a letter to Trans Union disputing the accuracy of the GE & WAL-MART reporting and requesting verification

**Answer:** **Paragraph 22 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

23. GE & WAL-MART verified the debt as accurate with all the CRA's.

**Answer:** **Paragraph 23 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

24. Upon information and belief in November of 2011 GE & WAL-MART and NCO entered into an agreement whereby NCO would collect the alleged debt.

**Answer:** **NCO admits only that it has an account in plaintiff's name and attempted to collect on that account. Except as specifically admitted, NCO denies the allegations in ¶24.**

25. On November 30, 2011 and on December 4, 2011 the Defendant NCO called the Plaintiff's cell phone. On each of these calls the plaintiff informed the

Defendant that the alleged debt was disputed and that validation and verification was demanded; that the calls were being made to a cell phone; and demanded that NCO cease and desist from calling. NCO informed plaintiff that the calls would stop and the number would be taken out of their system.

**Answer:** **NCO admits only that it has an account in plaintiff's name and attempted to collect on that account. Except as specifically admitted, NCO denies the allegations in ¶25 for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

26. NCO has failed to provide any documentation to the Plaintiff verifying or validating the alleged Debt.

**Answer:** **NCO denies the allegations in ¶ 26.**

27. On February 6, 2012 Plaintiff again disputed the Accuracy of the GE & WAL-MART report entry with the CRA's. GE & WAL-MART verified the entry as accurate.

**Answer:** **Paragraph 27 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

28. NCO continued to call the Plaintiff and on February 6, 2012 the plaintiff mailed a letter to NCO by certified mail with return receipt requested; disputing the debt; demanding verification and validation of the debt; and demanding that NCO Cease and Desist from Calling the Plaintiff's cell phone.

8

**Answer:** **NCO denies the allegations in ¶ 28 for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

29.     NCO received the letter and signed for receipt of same on February, 13, 2012.

**Answer:** **NCO denies the allegations in ¶ 29.**

30.     Upon information and Belief from October 2011 through May 2012 GE & WAL-MART Violated the FCRA by reporting information that was inaccurate to at least 3 CRA's; Equifax, Trans Union and Experian and other third parties including NCO and CAC.

**Answer:** **Paragraph 30 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

31.     GE & WAL-MART continued to violate the FCBA by, amongst many other acts; reporting to third parties that a debt is late or delinquent when it was disputed; by collecting on an amount in dispute; by closing the account prior to resolution of the dispute.

**Answer:** **Paragraph 31 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

32.     GE & WAL-MART breached the contract or agreement of the plaintiff and

9

GE & WAL-MART. (See Exhibit "A").

**Answer:** **Paragraph 32 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

33.     Upon information and Belief at the time GE & WAL-MART and NCO entered into their collection agreement, GE & WAL-MART knew of the Dispute, and failed to notify the third party collector that the Debt was disputed.

**Answer:** **NCO denies the allegations in ¶ 33 for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

34.     From November 30, 2011 thru March 26, 2012, NCO violated the TCPA by leaving 22 recorded messages using automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cell phone.

**Answer:** **NCO denies the allegations in ¶ 34.**

35.     From November 30, 2011 thru March 26, 2012, NCO violated the TCPA by calling Plaintiff's cell phone 80 times with no prior permission given by Plaintiff.

**Answer:** **NCO denies the allegations in ¶ 35.**

36.     From November 30, 2011 thru March 26, 2012, NCO violated the TCPA by leaving 22 recorded messages on Plaintiffs cell phone without express permission.

**Answer:** **NCO denies the allegations in ¶ 36.**

37.     On several occasions NCO has called Plaintiff's Cellular phone 5 times per day.

**Answer:**     **NCO denies the allegations in ¶ 37.**

38.     On each and every call there was either a pre-recorded message or a 3-22 second wait before the NCO representative would pick up the call and the pre-recorded hold message would repeatedly say, "Please Wait."

**Answer:**     **NCO denies the allegations in ¶ 38.**

39.     Each and Every pre-recorded message stated,

"We are calling from NCO Financial Systems regarding a personal business matter

that requires your immediate attention__ this is not a solicitation."

**Answer:**     **NCO denies the allegations in ¶ 39.**

40.     NCO pulled Plaintiffs consumer report from the CRA on 3 separate occasions in Violation of the FCRA.

**Answer:**     **NCO denies the allegations in ¶ 40.**

41.     NCO's willful and or negligent activity also violated the FDCPA.

**Answer:**     **NCO denies the allegations in ¶ 41.**

42.     Upon information and belief in MARCH of 2012 GE & WAL-MART and CAC entered into an agreement whereby CAC would collect the alleged debt.

**Answer:**     **Paragraph 42 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

43.     On or about March 26, 2012 the Defendant CAC called the Plaintiff's cell phone. On each of these calls the plaintiff informed the Defendant that the alleged debt

was disputed and that validation and verification was demanded; that the calls were being made to a cell phone; and demanded that CAC cease and desist from calling. CAC informed plaintiff that the calls would stop and the number would be taken out of their system.

**Answer:** **Paragraph 43 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

44. CAC has failed to provide any documentation to the Plaintiff verifying or validating the alleged debt.

**Answer:** **Paragraph 44 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

45. CAC continued to call the Plaintiff and on not less than 14 separate occasion between on or about March, 26, 2012 and May 1, 2012 using an automatic dialer system.

**Answer:** **Paragraph 45 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

46. On nearly each and every call from CAC the call took anywhere from 3-10

seconds before the CAC representative would pick up and begin the collection activity.

**Answer:** **Paragraph 46 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

47. CAC's willful and or negligent activity also violated the TCPA and the FDCPA.

**Answer:** **Paragraph 47 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

## COUNT I

48. Plaintiff restates and reiterates herein all previous paragraphs.

**Answer: NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

49. Defendant NCO has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service.

**Answer:** **NCO denies the allegations in ¶ 49.**

50. Defendant NCO has committed 80 separate violations of 47 U.S.C. §227(b)(I)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

**Answer:** **NCO denies the allegations in ¶ 50.**

51.     Defendant NCO has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 78 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff verbally informed NCO and sent a letter informing NCO that the phone they were calling was a cellular phone and demanded that NCO cease and desist from calling the cellular phone number. Since then NCO refuses and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

**Answer:** **NCO denies the allegations in ¶ 51.**

52.     Defendant NCO has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiffs number, which is assigned to a cellular telephone service. The Plaintiff has never given NCO permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and NCO do not have an established business relationship within the meaning of 47 U.S.C. §227.

**Answer:** **NCO denies the allegations in ¶ 52.**

53.     Defendant NCO has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff 78 times after receiving the Cease and Desist demand and with total disregard and in violation of 47 U.S.C. §227.

**Answer:** **NCO denies the allegations in ¶ 53.**

**COUNT II**

54.     Plaintiff restates and reiterates herein all previous paragraphs.

14

**Answer: NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

55.    Defendant CAC has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiffs number, which is assigned to a cellular telephone service.

**Answer:    Paragraph 55 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

56.    Defendant CAC has committed 14 separate violations of 47 U.S.C. §227(b)(1)(A) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)03}.

**Answer:    Paragraph 56 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

57.    Defendant CAC has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) The last 78 calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. Plaintiff verbally informed CAC that the phone they were calling was a cellular phone and demanded that CAC cease and desist from calling the cellular phone number. Since then CAC refuses and continues to violate 47 U.S.C. An unintentional call carries a damage amount of $500; an intentional call

carries a damage amount of $1,500 per violation.

**Answer:** **Paragraph 57 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

58.     Defendant NCO has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by calling the Plaintiffs number, which is assigned to a cellular telephone service. The Plaintiff has never given CAC permission to call Plaintiffs cell phone. Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B). Plaintiff and CAC do not have an established business relationship within the meaning of 47 U.S.C. §227.

**Answer:** **Paragraph 58 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

59.     Defendant CAC has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) by continuing to call Plaintiff 13 times after receiving the Cease and Desist demand and with total disregard and in violation of 47 U.S.C. §227.

**Answer:** **Paragraph 59 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

16

## COUNT II

60.     Plaintiff restates and reiterates herein all previous paragraphs.

**Answer: NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

61.     Plaintiff is a consumer under § 1692 a(3).

**Answer:     NCO denies the allegations in ¶ 61 for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

62.     The alleged debt was an obligation under § 1692 a(5).

**Answer:     NCO denies the allegations in ¶ 62 for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

63.     NCO AND CAC are Debt Collectors under § 1692 a(6).

**Answer:     NCO admits only that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection efforts may be regulated by certain provisions of the FDCPA.  Except as specifically admitted, the allegations of ¶ 63 are denied.**

64.     NCO and CAC placed no less than 95 telephone calls to the Plaintiffs cellular telephone after being notified by phone that the calls were to a cell phone and were demanded to cease and desist. NCO place no less than 36 calls to the Plaintiffs cellular telephone after receipt of Plaintiff's letter to cease and desist. Defendant knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15 U.S.C. § 1692c(a)(1). Defendant demands of each defendant $1000.

**Answer:** **NCO denies the allegations in ¶ 64.**

65.     NCO and CAC place no less than 50 calls to the Plaintiffs cellular telephone after receiving written notice from the Plaintiff to cease communications. Pursuant to 15 U.S.C. § 1692c(c), if such notice from the consumer is made by mail, notification shall be complete upon receipt. This clearly demonstrates willful violation of U.S.C. §1692c. Defendant demands of each defendant $1000.

**Answer:** **NCO denies the allegations in ¶ 65.**

66.     NCO and CAC continued collection activity after receiving notice of dispute, and failed to provide written validation of debt before resuming collection activities, in violation of 15 U.S.C.§1692g(b). Defendant demands of each defendant $2000.

**Answer:** **NCO denies the allegations in ¶ 66.**

67.     NCO and CAC violated §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff demands judgment of each defendant in the amount of $1000.

**Answer:** **NCO denies the allegations in ¶ 67.**

68.     NCO and CAC violated § 1692d by conduct the natural consequence of which is to harass, oppress, or abuse any person. Plaintiff demands judgment of each defendant in the amount of $1000.

**Answer:** **NCO denies the allegations in ¶ 68.**

69.     NCO and CAC violated § 1692 d(5) and Caused the phone to ring or

18

engaged any person in telephone conversations repeatedly. Plaintiff demands judgment of each defendant in, the amount of $1000.

**Answer:** **NCO denies the allegations in ¶ 69.**

70.    NCO and CAC violated § 1692 f(1) by Attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. Plaintiff demands judgment of each defendant in the amount of $1000.

**Answer:** **NCO denies the allegations in ¶ 70.**

71.    NCO and CAC violated § 1692e(11) by Communication that failed to contain the mini-Miranda warning: "This is an attempt to collect a debt... communication is from a debt collector." Plaintiff demands judgment of each defendant in the amount of $1000.

**Answer:** **NCO denies the allegations in ¶ 71.**

72.    NCO and CAC violated § 1692d(6) by placing telephone calls without disclosing his/her identity. Plaintiff demands judgment of each defendant in the amount of $1000.

**Answer:** **NCO denies the allegations in ¶ 72.**

**COUNT IV**

73.    Plaintiff restates and reiterates herein all previous paragraphs.

**Answer: NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

74.    Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

**Answer:** **NCO denies the allegations in ¶ 74 for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

75.    NCO is a user and furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

**Answer:** **NCO admits only that when it acts as a furnisher of information as defined by the FCRA, its actions may be governed certain provisions of the Act. Except as specifically admitted, NCO denies the allegations in ¶ 75.**

76.    On 03/02/2010 NCO negligently violated the FCRA on 3 separate occasions it pulled the personal credit report of defendant from Trans Union, Equifax and Experian. Defendant's violations include, but are not limited to, the following:

**Answer:** **NCO denies the allegations in ¶ 76.**

77.    (a) NCO negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**Answer:** **NCO denies the allegations in ¶ 77.**

78.    Plaintiff became aware of the NCO credit pulls on 2/23/2011.

**Answer:** **NCO denies the allegations in ¶ 78 for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

## COUNT V

1.    Plaintiff restates and reiterates herein all previous paragraphs.[1]

**Answer:** **NCO incorporates by reference all paragraphs of this Answer as**

---

[1] Inexplicably, the paragraph numbering of Plaintiff's Complaint numbering reverts to 1, instead of continuing on to 79. The numbering from Plaintiff's Complaint is being followed.

though fully herein.

2.      Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

**Answer:      NCO denies the allegations in ¶ 2 for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

3.      Defendants GE & WAL-MART is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

**Answer:      Paragraph 3 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

4.      Defendants GE & WAL-MART willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a)      Defendants GE & WAL-MART willfully violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b)      Defendants GE & WAL-MART willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the

disputed information.

(c)     Defendants GE & WAL-MART willfully violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(d)     Defendants GE & WAL-MART willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681I of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

**Answer:     Paragraphs 4(a)-(d) make no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

## COUNT VI

5.     Plaintiff restates and reiterates herein all previous paragraphs.

**Answer:     NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

6.     The Defendants NCO and CAC undertook a series of communications to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of ILLINOIS. Said communications were harassing,

unreasonable, systematic and continuous in number and made in disregard for Plaintiffs' right to privacy; after repeated requests that the Defendant no longer contact them. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying an alleged debt.

**Answer:** **NCO denies the allegations in ¶ 6.**

7. Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort contrary to the law of the State of Illinois and violated the Plaintiff's privacy. Plaintiff avers that the Defendant telephoned the plaintiff on multiple occasions demanding payment.

**Answer:** **NCO denies the allegations in ¶ 7.**

8. The Plaintiff avers that the communications were made by automated dialers and employees and acting on behalf of NCO and CAC.

**Answer:** **NCO denies the allegations in ¶ 8.**

9. Plaintiff was harassed, hounded, and threatened. Plaintiff repeatedly and continuously begged and pleaded with Defendants to stop calling, that the calls were creating great emotional distress, physical sickness, and mental pain and anguish. Defendants refused to cease and desist the calling, hounding, threatening, and harassment. Defendants have continuously and repeatedly called plaintiffs at home after being told not to call and that the calls were making them physically sick and creating great emotional distress and mental pain and anguish.

**Answer:** **NCO denies the allegations in ¶ 9.**

23

10.     As a proximate consequence of said invasion of the right of privacy, Defendants have caused the Plaintiffs to suffer great worry, loss of sleep, anxiety, embarrassment, nervousness, physical sickness, and physical and mental injury and pain.

**Answer:     NCO denies the allegations in ¶ 10.**

## COUNT VII

11.     Plaintiff alleges and incorporates the information in paragraphs 1 through 13.

**Answer:     NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

12.     Defendant owed duties of reasonable care to plaintiff.

**Answer:     NCO admits only those duties required under the law.  Except as specifically admitted, NCO denies the allegations in ¶ 12.**

13.     Defendant failed to exercise reasonable care and prudence in the accounting of the credit agreement it had with plaintiff, in impermissibly billed unnecessary charges to said credit agreement, in issuing bills and false reports about the charges, and in the reporting and attempted collection of the disputed amounts and account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this suit, and which consequently caused damage to plaintiff.

**Answer:     NCO denies the allegations in ¶ 13.**

## COUNT III

14.     Plaintiff restates and reiterates herein all previous paragraphs.

**Answer:     NCO incorporates by reference its answers to all preceding**

**paragraphs as though fully stated herein.**

15.     Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning plaintiff with reckless disregard for the truth of the matters asserted.

**Answer:     NCO denies the allegations in ¶ 15.**

16.     Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

**Answer:     NCO denies the allegations in ¶ 16.**

17.     Defendants were notified of inaccuracies and problems by plaintiffs however; the defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about plaintiffs.

**Answer:     NCO denies the allegations in ¶ 17.**

18.     Defendants acted with willful intent and malice to harm plaintiffs.

**Answer:     NCO denies the allegations in ¶ 18.**

**COUNT IX**

19.     Plaintiff restates and reiterates herein all previous paragraphs.

**Answer:     NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

20.     Defendant made numerous misrepresentations of facts to plaintiffs and caused plaintiffs to rely upon said representations.

**Answer:     NCO denies the allegations in ¶ 20.**

21.     Plaintiffs' reliance thereon was reasonable under all of the circumstances and plaintiffs sustained damages as a result of the misrepresentations.

**Answer:      NCO denies the allegations in ¶ 21.**

## COUNT X

22.     Plaintiff restates and reiterates herein all previous paragraphs.

**Answer:      NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

23.     Defendant has breached its agreements and contracts with plaintiffs

**Answer:      Paragraph 23 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

24.     Defendant's breaches were in bad faith. Alternatively and in the unlikely event such breaches are found not to be in bad faith, plaintiffs affirmatively plead good faith breach of contract.

**Answer:      Paragraph 24 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

## COUNT XI

25.     Plaintiff restates and reiterates herein all previous paragraphs.

**Answer: NCO incorporates by reference its answers to all preceding**

26

**paragraphs as though fully stated herein.**

26.     As alleged herein, defendants GE & WAL-MART was notified in writing by plaintiff of billing errors, as required by law, and defendant failed to timely or properly respond, on multiple occasions; and continued collection activity of disputed amounts; and reported to third party CRA's that the plaintiff was late in paying a disputed amount; and failed to conduct a reasonable investigation; and closed the plaintiffs account during the pendency of a dispute; and each such violation gives rise to a distinct action under the FCBA, 15 U.S.C. 1666, et. seq.

**Answer:     Paragraph 24 makes no allegations against NCO and, therefore, no response is required. To the extent an answer is required, NCO denies the allegations for lack of knowledge or information sufficient to justify a belief as to the truth therein.**

**COUNT XII**

27.     Plaintiff restates and reiterates herein all previous paragraphs.

**Answer:     NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

28.     Defendant, through its employees, was engaged in a systematic scheme to charge and attempt to collect from plaintiffs unnecessary and wholly inaccurate sums of money.

**Answer:     NCO denies the allegations in ¶ 28.**

**COUNT XIII**

29.     Plaintiff restates and reiterates herein all previous paragraphs.

**Answer:** **NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

30.    Plaintiff is a consumer. Defendants are a banking entity governed by state and federal laws; and or collection agency's covered by state and federal laws. In connection with a consumer transaction, defendant engaged in unfair and deceptive practices, prohibited by Illinois law, aimed at causing substantial harm to the plaintiffs.

**Answer:** **NCO admits that it is licensed as a collection agency in the State of Illinois. Except as specifically admitted, NCO denies the allegations in ¶ 30.**

31.    Defendant succeeded in damaging the plaintiffs through these unfair and deceptive trade practices as described herein.

**Answer:** **NCO denies the allegations in ¶ 31.**

## ADDITIONAL ALLEGATIONS

32.    Plaintiff restates and reiterates herein all previous paragraphs.

**Answer:** **NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

33.    Plaintiff restates and reiterates herein all previous paragraphs.

**Answer:** **NCO incorporates by reference its answers to all preceding paragraphs as though fully stated herein.**

34.    The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiffs.

**Answer:** **NCO denies the allegations in ¶ 34.**

35.    Defendant's false credit reporting about plaintiff has been a substantial

factor causing credit denials and other damages.

**Answer:** **NCO denies the allegations in ¶ 35.**

36.     Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not

**Answer:** **NCO denies the allegations in ¶ 36.**

AND NOW, in further Answer to the Complaint, NCO Financial Systems, Inc. avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint fail to state a claim against NCO upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event NCO is found to be a debt collector as defined in FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

One or more of the telephone calls were not made to a wireless, i.e., cellular,

telephone.

## FIFTH AFFIRMATIVE DEFENSE

The phone calls made by NCO are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C.§ 227(b)(2)(b) & 47 C.F.R. § 64.1200(a).

## SIXTH AFFIRMATIVE DEFENSE

The equipment used by NCO to make telephone calls is not covered by or subject to the TCPA.

## SEVENTH AFFIRMATIVE DEFENSE

Based upon the policies and procedures of NCO, to the extent NCO was calling plaintiff on his cellular telephone, as alleged, plaintiff provided consent to receive those calls.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent plaintiff was receiving calls on his cellular telephone, plaintiff has failed to mitigate his damages.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as any dispute arising out of plaintiff's account, upon information and belief, is subject to arbitration.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, upon information and belief, prohibited by the terms and conditions of plaintiff's agreement with the original creditor.

WHEREFORE, Defendant NCO Financial Systems, Inc. respectfully requests that this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's costs, pursuant to Federal and State law, Plaintiff be ordered to pay reasonable attorney's fees and costs for NCO and for all other general and equitable relief.

Respectfully submitted,


/s/ Daniel W. Pisani
One of the Attorneys for Defendant
Attorney for NCO Financial Systems, Inc.

James K. Schultz
Daniel W. Pisani
SESSIONS FISHMAN NATHAN & ISRAEL
55 WEST MONROE STREET, SUITE 1120
CHICAGO, IL 60603-5130
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
dpisani@session-law.biz
jschultz@sessions-law.biz
Attorneys for NCO Financial Systems, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **June 14, 2012**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. A copy of this document is being delivered by regular mail to the Plaintiff, Lee Momient, and delivered to the remaining parties by electronic mail.

Lee Momient, Plaintiff
P. O. Box 608082
Chicago, IL 60660

James L. Thompson
Jenner & Block, LLP
353 North Clark
Chicago, IL 60654
JThompson@jenner.com
*Attorney for General Electric Company*

David A. Cheek
Cheek & Falcone, PLLC
6301 Waterford Boulevard, Suite 320
Oklahoma City, Oklahoma 73118
dcheek@cheekfalcone.com
*Attorney for CAC Financial Corp.*

Ami L. DeMarco
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
Two Prudential Plaza
180 N. Stetson Avenue, Suite 4525
Chicago, IL 60601
(312) 566-0040
adeMarco@qpwblaw.com
*Attorney for Wal-Mart Stores, Inc.*

/s/ Daniel W. Pisani
Daniel W. Pisani
Sessions Fishman Nathan & Israel
55 West Monroe Street, Suite 1120
Chicago, Illinois 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
dpisani@sessions-law.biz
*Attorney for NCO Financial Systems, Inc.*

32