IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE MOMIENT,<br><br>                          Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS INC.,<br>WAL-MART STORES, INC.,<br>GENERAL ELECTRIC COMPANY<br>d/b/a GE CAPITAL RETAIL BANK,<br>and CAC FINANCIAL CORP.,<br><br>                          Defendant. | Case No. 12-CV-04453 |

**DEFENDANT CAC FINANCIAL CORP.'S MOTION TO
COMPEL RESPONSES TO INTERROGATORIES AND
PRODUCTION OF DOCUMENTS FROM PLAINTIFF AND BRIEF IN SUPPORT**

      COMES NOW Defendant, CAC Financial ("CAC"), and pursuant to Rule 37 hereby moves the Court for an Order compelling Plaintiff, Lee Momient, to provide answers to certain interrogatories and produce documents related thereto. In support hereof, CAC shows the Court the following:

**INTRODUCTION**

      1.      This case involves alleged violations of the Fair Debt Collection Practices Act regarding debt owed by Plaintiff.

      2.      CAC is the remaining defendant in this case, and upon information and belief, Plaintiff has settled with all other defendants.

      3.      CAC, on behalf of its client, made two phone calls to Plaintiff regarding debt collection.

      4.      On August 6, 2012, CAC served Interrogatories to Plaintiff.

5. On September 10, 2012, counsel for CAC received Plaintiff's Responses and Objections to CAC Financial's Interrogatories.

6. In his responses, Plaintiff objects to and refuses to answer Interrogatories 10, 11, and 13.

7. Plaintiff further references and identifies certain documents that are responsive to Interrogatories 6 and 8, but refuses to produce such documents.

8. According to Rule 37(a)(1), counsel for CAC certifies that on September 12, 2012, counsel for CAC and Plaintiff engaged in a telephone conference in which CAC's counsel made good faith requests that Plaintiff supplement his responses and provide the requested information in an effort to obtain it without court action, but Plaintiff refused.

## BRIEF IN SUPPORT

On or about May 7, 2012, Plaintiff filed this action against his creditors and alleged debt collectors claiming violations of numerous federal statutes, including but not limited to the Fair Debt Collection Practices Act and Telephone Consumer Protection Act, as well as various tortious acts. Plaintiff seeks statutory damages as well as actual damages in an unspecified amount. CAC Financial submitted an Answer stating that it did work on behalf of its client to collect a debt from Plaintiff, and in doing so, contacted him on only two occasions, and did not violate any federal statute or commit any tortious act. Subsequent to the initial pleadings, Plaintiff settled with and dismissed all other parties except this Defendant. CAC Financial submitted discovery to Plaintiff, which is the subject of this Motion.

Plaintiff objects to the following Interrogatories:

10. If you have ever been arrested, charged, convicted of, or pled guilty to, a crime, state the date of each arrest, arraignment, conviction or plea, the court in which such was rendered, and the exact nature of such crime.

11. Describe with specificity and in detail any and all other civil action(s) involving you as a party, and for each said action, state the following:
    a. The jurisdiction in which said action(s) was/were commenced;
    b. The date said action(s) was/were commenced;
    c. The jurisdiction court file number of said action(s);
    d. The date and amount of final judgment(s), order(s), or decree(s), if any, in said action(s); and whether the judgment(s), order(s) or decree(s), if any, in said action(s) remain/remain unsatisfied or unperformed.

13. Identify the funds, monies or anything of value exchanged with any Defendant named initially in your Complaint, whether or not later dismissed, relating to settlement of any issues or damages you claim in this matter. Please identify separately the consideration received from each entity.

In response to Interrogatory 10, Plaintiff objects claiming the request is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. First, Plaintiff fails to state with specificity under Rule 33 how the request for disclosure of convictions and related proceedings is overly broad or burdensome. If Plaintiff objects because for specific reasons, such as, the occurrences are too numerous or the time of such occurrence is so remote as to be a burden to identify the information, then he should so state with specificity. Further, any criminal conviction(s) may be relevant to Plaintiff's credibility as a witness, and therefore, CAC is entitled to the disclosure of this information.

In response to Interrogatory 11, Plaintiff objects claiming the request is overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence, but further states that the requested information may be obtained "by searching the public court records." Again, Plaintiff fails to state with specificity how the request for information regarding civil actions in which he has been

involved is overly broad or burdensome. Further, CAC has asserted defenses based upon waiver, estoppel, and ratification, and the information requested may assist in these defenses as well as others.

Finally, it is unreasonable for Plaintiff to direct CAC to search all public court records in all jurisdictions to discover where and when the Plaintiff may have been a party to an action. Certainly, Plaintiff's instruction to CAC is an undue burden as CAC has no knowledge of the jurisdictions in which Plaintiff has lived, done business, etc. The burden, if any alleged burden exists as to Plaintiff, is not substantially the same for either party. Instead, any burden is much less as it relates to Plaintiff because he would have knowledge of the cases in which he has been a party, including the jurisdiction of such actions and the subject-matter thereof.

In response to Interrogatory 13, Plaintiff objects on the grounds that "any settlements in the case were confidential and the information requested is privileged." First, Plaintiff does not disclose the applicable "privilege" sufficient to avoid disclosure of such information. Certainly none of the statutory privileges of F.R.E. 501 or the common law are applicable. Nevertheless, even assuming the settlement(s) with other parties to this action included confidentiality provisions, this information must still be disclosed to CAC for limited use in this litigation regarding Plaintiff's claimed damages. The Plaintiff sought the same type of actual damages from all of the Defendants. The events related to the other Defendants, GE, Walmart and NCO, all occurred prior to any activity by this Defendant. To the extent the Plaintiff seeks compensation for emotional distress and compensatory damages, the injury is, if any there was, indivisible. Under

Illinois law, Defendants are entitled to a setoff for any compensation paid by the other Defendants on those elements of damage. 740 ILCS §100/2(c). In addition, CAC worked on behalf of a client, which was a previous party to this action. For this reason, among others, CAC is entitled to a setoff from the amount received by Plaintiff in settlement of certain actual damages, including but not limited to his claim of emotional distress and other statutory and compensatory damages. CAC is willing to enter into and/or have the Court issue a protective order related to the disclosure of the requested information.

CAC further seeks production of documents referenced in response to Interrogatories 6 and 8. In response to Interrogatory 6, Plaintiff alleges that he notified CAC "possibly my [sic] mail" that he disputed the validity of the debt at issue. The instructions to the Interrogatories specifically instruct Plaintiff to identify the date of any such document, which he fails to do, as well as provide it to CAC. With relation to Interrogatory 8, which seeks Plaintiff's support for the allegations against CAC, Plaintiff discloses that "There is a letter to GE-Walmart, disputing the debt, Letters to the credit bureaus disputing the debt." Again, the Interrogatories to Plaintiff contemplate the production of these documents as they form the basis of his Interrogatory response. This Court should compel him to provide the documents referenced in his response to Interrogatories 6 and 8 or in the alternative, prohibit the Plaintiff from relying on any such documents in his prosecution of this action.

## CONCLUSION

The Interrogatories submitted to Plaintiff are not overly broad and Plaintiff fails to object to them with specificity. Further, they seek relevant information, and create no undue burden for Plaintiff. Therefore, CAC requests the Court enter an Order compelling Plaintiff to provide full the information requested in Interrogatories 10, 11, and 13, and production of documents referenced in response to Interrogatories 6 and 8.

Respectfully Submitted,

s/ Amir R. Tahmassebi
Attorney for Defendant CAC Financial Corp.
Daniel F. Konicek
Amir R. Tahmassebi
KONICEK & DILLON, P.C.
Firm No. 6205408
21 W. State St.
Geneva, IL  60134
(630) 262-9655

## CERTIFICATE OF SERVICE

☑ I hereby certify that on October 3, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

- James L. Thompson – jthompson@jenner.com
- Daniel W. Pisani – dpisani@sessions-law.biz
- Amir Tahmassebi – amir@konicekdillonlaw.com, susan@konicekdillonlaw.com
- Daniel Francis Konicek – dan@konicekdillonlaw.com, Jennifer@konicekdillonlaw.com
- James Kevin Schultz – jschultz@sessions-law.biz, thill@sessions-law.biz

- Ami DeMarco – ademarco@qpwblaw.com
- Ryan Anthony Particka – rparticka@jenner.com
- Lee Arthur Momient – leemomient@live.com

                                             s/ Amir R. Tahmassebi

10017.021/37808